UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LIGIO LOPEZ,

                Petitioner,

v.

                                      9:18-CV-0838
                                         (GLS)

SUPERINTENDENT,

                Respondent.

---

APPEARANCES:                             OF COUNSEL:

LIGIO LOPEZ
03-A-5939
Petitioner, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

GARY L. SHARPE
United States District Judge

# DECISION and ORDER

## I.    INTRODUCTION

Petitioner Liglio Lopez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis (IFP). Dkt. No. 1, Petition; Dkt. No. 2, IFP Application. On July 18, 2018, the Court administratively closed the action because it had not been properly commenced: petitioner did not pay the statutory filing fee or file a properly certified IFP application. Dkt. No. 3.

On September 28, 2018, petitioner filed a properly certified IFP application, as well as an amended petition. Dkt. No. 4, Second IFP Application; Dkt. No. 5, Amended Petition ("Am. Pet.").

On October 4, 2018, the Court issued an Order transferring the petition to the Second Circuit, pursuant to 28 U.S.C. §1631, for a determination under 28 U.S.C. §2244(b) whether petitioner should be authorized to file a subsequent petition. Dkt. No. 7 ("October Order").

On February 5, 2019, the Second Circuit issued a Mandate directing petitioner to file "[an] application . . . with the Court of Appeals within 45 days of the date of the notice[, October 5, 2018]." Dkt. No. 9, Mandate. Petitioner did not file an application. Accordingly, the Second Circuit denied the petition effective December 19, 2018, and ordered that "[a]ny motions pending prior to the date of denial will be deemed moot." *Id.*

On April 9, 2019, the Court received a letter from petitioner seeking the Court's assistance. Dkt. No. 10. The Court explained that the case was closed here, had been transferred to the Second Circuit, and had been subsequently denied by the Second Circuit. Dkt. No. 11. Further, while the case was closed, the Court nonetheless directed the Clerk to send petitioner courtesy copies of the Court's October Order, the Second Circuit Mandate, the Pro Se Manual, and the Local Rules for his reference. *Id.*

On May 7, 2019, the Court received another letter which it liberally construes as a motion for reconsideration of its prior Text Order. Dkt. No. 12. Petitioner's primary contention is that the Court is perpetuating an "injustice . . . to allow to stand [petitioner's] continuing unlawful imprisonment 5 years – yrs to life Cruel + Unusual Punishment Unlawfully Forcing him in fear to do more than 16 yrs as a continuing Unlawful Imprisonment Crime that . . . [does] not comply[] with The Maximum Punishment Agreement Fixed Limit on an All drug 1st felony like his[.]" *Id.* Further, petitioner formally requested for a hearing. *Id.* For the reasons stated below, the motion is denied, the case remains closed, and the petition

2

remains dismissed.[1]

**II.    DISCUSSION**

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. N.Y.C. Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Petitioner has not provided any reason which justifies reconsideration of the Court's prior order. Instead he asserts conclusory arguments that his imprisonment is unlawful and unconstitutional. Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's prior Order. Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented. Petitioner was directed to file an application with the Second Circuit by December 19, 2018, seeking permission to file his habeas petition. Mandate. Petitioner failed to do so; accordingly, the petition was denied and the case closed. *Id.* Petitioner's disagreement with this Court's decision, or that of the Second Circuit, is not a basis for reconsideration. *See Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). As a result, reconsideration of the Court's decision is not warranted.

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

## III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that no Certificate of Appealability shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

May 13, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge